# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**COURTNEY-ANTROYNESE: SELMON-AUSTIN, SU JIRIS, EN PROPRIO PERSONA,**

      **Plaintiff,**

v.                                                                                          Case 2:21-cv-02724-JTF-cgc

**WELLS FARGO BANK,**
**WILSON & ASSOCIATES,**

      **Defendants**

---

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

---

Before the Court are Defendant Wells Fargo Bank's ("Wells") and Defendant Wilson & Associates' ("Wilson") Motions to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #8 and #10). Pursuant to Administrative Order 2013-05[1], the motions have been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #4). For the reasons set forth herein, it is RECOMMENDED that Defendants' Motions to Dismiss be GRANTED for failure to state claims upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

### I.   Procedural History

This action arises from Plaintiff's belief that she is entitled under various provisions of federal law to discharge her mortgage obligations. Plaintiff initially entered into a mortgage contract with Wells in January 2006. (Compl., ¶ 13). Plaintiff alleges that, at the time the Complaint was filed, Wells contended that her mortgage was in default in excess of $80,000. (D.E. # 8-1, page 1). Plaintiff alleges that, for this reason, Wells utilized Wilson to initiate foreclosure proceedings on the residence secured by the mortgage. (Compl., ¶ 19).

Ultimately, Plaintiff sets out four counts for which she seeks relief. Count I asserts "Truth in Lending Violations" by Wells and Wilson. (Compl. ¶¶ 25-41). Count II asserts "Fraudulent uses of Plaintiff's Identity" by Wells. (Compl. ¶¶ 42-44). Count III asserts "Violations of Right to Privacy" by Wells. (Compl. ¶¶ 45-46). Count IV asserts "Other Violations" by Wells and Wilson. (Compl. ¶¶ 47-48).

### II.   Proposed Analysis and Conclusions of Law

#### a.   *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). However, this standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th

Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts which "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id*. at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Polgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal

quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for her. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### *i. Count I*

Count I of Plaintiff's Complaint asserts several "Truth in Lending Violations" by Wells and Wilson. (Compl. ¶¶ 25-41). The Truth in Lending Act ("TILA") "was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms." *Begala v. PNC Bank, Ohio, N.A.*, 163 F.3d 948, 950 (6th Cir. 1998). Plaintiff contends TILA provides the ability to rescind her mortgage. (Compl. ¶¶ 25-41).

Certain credit transactions may indeed be rescinded by consumers under TILA (*see generally* 15 U.S.C. § 1635); however, residential mortgage transactions do not qualify for recission, *see* 15 U.S.C. §1635(e)(1) (stating that Title 15 "does not apply to a residential mortgage transaction"). A residential mortgage is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). Here, Plaintiff's Complaint acknowledges that Wells extended a mortgage to her. (Compl. ¶ 15). Therefore, Plaintiff does not have a right to rescind this obligation under TILA.

A right of recission would also not be available to Plaintiff under TILA if this Court were to deem the transaction as one arising from a consumer credit application rather than a mortgage loan. (Compl., ¶ 15). Specifically, the Supreme Court has stated that, "when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling," TILA permits that

4

the loan may be rescinded within three business days following the transaction. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998). If a lender fails to disclose important terms or deliver certain forms, that right of recission for the borrower extends to three years following the transaction. *Id.* Even assuming the facts in a light most favorable to Plaintiff, her right to assert recission would have expired in January 2009, three years after the transaction. (Compl., ¶ 13). Therefore, any right to rescind under TILA that may have existed for Plaintiff's consumer-credit transaction would now be time-barred.

Accordingly, it is RECOMMENDED that Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted because a right of recission is not available for residential mortgage loans under TILA, or, alternatively, because the right of recission for a consumer credit transaction, which is secured by the borrower's principal dwelling, is time-barred under TILA.

### ii. Count II

Count II of Plaintiff's Complaint asserts a claim of "Fraudulent uses of Plaintiff's Identity" by Wells. (Compl. ¶¶ 42-44). Plaintiff alleges through Count II that Wells has "creat[ed] a trust with the Estate of Courtney Selmon" and that Wells has continually misused her identifying information by (1) sending mortgage statements through the mail, (2) providing her information to Wilson, and (3) publishing a notice of foreclosure. (Compl. ¶¶ 42-44). Plaintiff's claim is founded in 18 U.S.C. §§ 1028 and 1028A and ultimately alleges that Wells' actions amount to identity theft and aggravated identity theft. (Compl., ¶ 44).

Sections 1028 and 1028A are federal criminal statutes. Section 1028 provides that it is unlawful for a person to knowingly, and without lawful authority, possess, transfer, use, or traffic in identification documents. 18 U.S.C. § 1028. Section 1028A details aggravated identify theft,

5

providing that it is unlawful for a person to knowingly use an identification document, without proper authority, in connection with the commission of a felony. 18 U.S.C. § 1028A.

To bring a private right of action under a federal law, Congress must have provided for such. *Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, 767 F.3d 554, 563 (6th Cir. 2014) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). A person being harmed because of a violation of a federal criminal statute does not alone provide a private right of action for the person harmed. *Id.* (citing *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)). To determine if Congress has provided for a private right of action under a federal law, the "analysis must begin with the language of the statute itself." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 586 (1979).

Assessing the plain language of Section 1028 reveals that it does not provide for a private right of action. 18 U.S.C. § 1028. Several courts have concluded the same. *See Smith v. Mut. Sav. Life Ins.*, No. 3:14-CV-96-RS-CJK, 2014 WL 2991091 at *2 (N.D. Fla. July 2, 2014) (reasoning dismissal of a pro se civil action because Section 1028 "is a criminal statute and provides no civil cause of action or civil remedy"); *Guerneville Bus. Corp. v. Boasberg*, No. C-11-4913 MMC, 2012 WL 13054255 (N.D. Cal. Mar. 16, 2012) (finding that Section 1028 is criminal in nature and does not provide a right of private action); *Watson v. United States*, No. C-07-326, 2009 WL 2601254 (S.D. Tex. August 24, 2009) (same); *Garay v. U.S. Bancorp*, 303 F.Supp.2d 299, 302 (E.D.N.Y. 2004) (same); *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F.Supp.2d 932, 937 (E.D.Va. 1998) (same). Additionally, Plaintiff does not point to any authority to try to establish that Congress intended a private right of action under section 1028. *See Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (stating that the burden is on the party seeking to establish a private right of action to show that Congress intended one to be made available). When no private right

of action is available to a plaintiff, a claim upon which relief can be granted cannot be found. *Kafele v. Frank & Wooldridge Co.*, 108 Fed. Appx. 307, 308-09 (6th Cir. 2004).

Even if Plaintiff could establish a private right of action under Section 1028, it is not enough to merely point to a document that contains information that may identify an individual. Rather, the document must fall within the definition of an "identification document." The definition of an identification document is "a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a sponsoring entity of an event designated as a special event of national significance, a foreign government, political subdivision of a foreign government, an international governmental or international quasi-governmental organization which, when completed with information concerning a particular individual, is a type intended or commonly accepted for the purpose of identification of individuals." 18 U.S.C. § 1028(d)(3). This definition applies to both sections 1028 and 1028A. 18 U.S.C. § 1028(d).

Plaintiff references three exhibits to support her claim that Wells improperly used her identifying information. (Compl. ¶¶ 43-44). Exhibit G is a mortgage statement to support the allegation that Wells misused Plaintiff's identifying information by sending these mortgage statements through the mail. (Compl., Ex. G). Exhibit E is a document to support the allegation that Plaintiff's identifying information was improperly provided to a third party. (Compl. Ex. E). Exhibit I is a copy of a published foreclosure notice, about the property at issue, to support the allegation that Plaintiff's identifying information was improperly published. (Compl. Ex. I).

None of the documents contained within these three Exhibits fall within the definition of the types of identification documents that are provided for under sections 1028 and 1028A. 18 U.S.C. § 1028(d)(3). Further, Wells and Wilson were bound by Federal and State Statutes to

provide the information contained in Exhibits G and E and to publish the information contained in Exhibit I. *See* 12 C.F.R. § 1026.41 (requiring periodic statements for residential mortgage loans); Tenn. Code. Ann. § 35-5-101(e) (requiring the party who is foreclosing on the mortgaged property to send notice of the foreclosure sale to the debtor); Tenn. Code. Ann. § 35-5-101(a) (requiring publication of a notice of the foreclosure sale in a newspaper within the county that the sale is to be made).

Accordingly, it is RECOMMENDED that Count II of Plaintiff's Complaint fails to state a claim upon which relief may be granted because it is brought pursuant to a statute that contains no private right of action.

### iii.  Count III

Count III of Plaintiff's Complaint alleges a claim of "Violations of Right to Privacy" under the Gramm-Leach-Bliley Act ("GLBA") by Wells. (Compl. ¶¶ 45-46). Under the GLBA, financial institutions are required to respect their customers' privacy and protect their nonpublic personal information. 15 U.S.C. § 6801.

The GLBA does not provide for a private right of action. *See* 15 U.S.C. § 6805; *Dunmire v. Morgan Stanley DW, Inc.*, 475 F. 3d 956, 960 (8th Cir. 2007) ("No private right of action exists for an alleged violation of the GLBA"); *Johnson v. Wells Fargo Home Mortg.*, No. 216CV02975JTFEGB, 2018 WL 3056693, at *2 (W.D. Tenn. Jan. 8, 2018), *report and recommendation adopted*, No. 2:16-CV-2975-JTF-EGB, 2018 WL 1447879 (W.D. Tenn. Mar. 23, 2018) (there is no private right of action under the GLBA); *Smith v. First Century Bank*, No. 3:04-cv-591, 2007 WL 1035125, at *4 (E.D. Tenn. Mar. 30, 2007) (same). To bring a private right of action under a federal law, Congress must have provided for such. *Stew Farm, Ltd.* 767 F.3d at 563 (6th Cir. 2014) (citing *Alexander*, 532 U.S. at 286 (2001)). To determine if Congress has

8

provided for a private right of action under a federal law, the "analysis must begin with the language of the statute itself." *Touche Ross & Co.*, 442 U.S. at 586 (1979). The plain language supports that there is no private right of action provided under the GBLA.

Plaintiff does not point to any authority to try to establish that Congress intended a private right of action under the Gramm-Leach-Bliley Act. *See Suter*, 503 U.S. at 363 (1992) (stating that the burden is on the party seeking to establish a private right of action to show that Congress intended one to be made available). When no private right of action is available to a plaintiff, a claim upon which relief can be granted cannot be found. *Kafele.*, 108 Fed. Appx. At 308-09 (6th Cir. 2004).

Accordingly, it is RECOMMENDED that Count III of Plaintiff's Complaint fails to state a claim upon which relief may be granted because the GBLA contains no private right of action.

### iv. Count IV

Count IV of Plaintiff's Complaint asserts "Other Violations" by Wells and Wilson. (Compl., ¶¶ 47-48). Specifically, Plaintiff alleges Defendants conspired to deprive her of her federally protected rights under 18 U.S.C. §§ 241, 242, and 245. (*Id.*)

To begin, Plaintiff does not provide information within her Complaint to establish which federally protected rights Wells and Wilson allegedly violated. "Principles requiring generous construction of pro se pleadings are not without limits, and district courts are not required 'to conjure up questions never squarely presented to them' or to construct full-blown claims for pro se litigants." *Butler v. Karet*, No. 21 CV 981, 2021 WL 3633476, at *2 (N.D. Ohio Aug. 17, 2021) (quoting *Beaudett v. City of Hampton*, 775 F.3d 1274, 1278 (4th Cir. 2985)). There must be more than bare assertions of legal conclusions. *Bovee*, 272 F.3d at 361 (6th Cir. 2001). Bare

9

assertions of legal conclusions do not "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

In addition, Plaintiff has once again attempted to raise civil claims under federal criminal statutes. As already set forth, *supra*, "[c]riminal statutes generally do not confer a private right of action, and courts do not 'routinely, imply private rights of action in favor of the victims of violations of criminal laws.'" *Butler*, 2021 WL 3633476, at *2 (N.D. Ohio Aug. 17, 2021) (citing *Ohlendorf v. United Food & Commercial Workers International Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018)). To bring a private right of action under a federal law, Congress must have provided for such. *Stew Farm, Ltd.*, 767 F.3d at 563 (6th Cir. 2014) (citing *Alexander*, 532 U.S. at 286 (2001)). The violation of a federal criminal statute and a person being harmed as a result does not alone provide a private right of action for the person harmed. *Id.* (citing *Cannon*, 441 U.S. at 688 (1979)). To determine if Congress has provided for a private right of action under a federal law, the "analysis must begin with the language of the statute itself." *Touche Ross & Co.*, 442 U.S. at 586 (1979).

The plain language of Sections 241, 242, and 245 reveals that they each are criminal statutes that do not provide for a private right of action. Several courts have concluded the same. *See Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (citing *Cooley v. Keisling*, 45 F. Supp. 2d 818, 820 (D. Or. 1999)) (finding that plaintiff did not state a claim upon which relief could be granted because Section 245 is a criminal statute that does not provide for a private cause of action); *Kafele v. Frank & Wooldridge Co.*, 108 Fed. Appx. 307, 308 (6th Cir. 2004) (affirming dismissal of Section 241 and 242 claims, reasoning that the plaintiff "possesses no private right of action against the defendants for alleged violations of those criminal statutes"); *U.S. v. Oguaju*, 76 Fed. Appx 579, 581 (6th Cir. 2003) (concluding that "the district court properly

dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes"); *Butler*, 2021 WL 3633476, at *2 (N.D. Ohio Aug. 17, 2021) (concluding that Sections 241 and 242 contain no private right of action); *Flood v. Reed*, No. 2:16-CV-778, 2017 WL 1021364, at *4 (S.D. Ohio Mar. 16, 2017) (collecting cases within the Sixth Circuit and district courts which hold no private right of action exists under section 241); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 920 (E.D. Pa. 1978) (reasoning that Section 245 is a criminal statute that "confers neither substantive rights nor a private right of action for damages," and plaintiffs' claim should be disregarded).

Further, Plaintiff does not point to any authority to establish that Congress intended a private right of action under sections 241, 242, or 245. *See Suter*, 503 U.S. at 363 (1992) (stating that the burden is on the party seeking to establish a private right of action to show that Congress intended one to be made available). When no private right of action is available to a plaintiff, a claim upon which relief can be granted cannot be found. *Kafele*, 108 Fed. Appx. at 308-09 (6th Cir. 2004).

Accordingly, it is RECOMMENDED that Count IV of Plaintiff's Complaint fails to state a claim upon which relief may be granted because it is brought pursuant to a statute that contains no private right of action.

11

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Wells and Wilson's Motions to Dismiss (D.E. #8, #10) be GRANTED for failure to state any claims upon which relief may be granted.

**SIGNED** this 4th day of May, 2022.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**